IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MALCOLM EUGENE GOLSON, #53294-083, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:15-CV-31-MHT [WO] |
| DENNIS W. STAMPER, WARDEN, | ) ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This case is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Malcolm Golson, a federal inmate incarcerated at the Maxwell Federal Prison Camp in Montgomery, Alabama. On April 3, 2001, Golson entered a guilty plea to distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). On October 24, 2001, the United States District Court for the Eastern District of Virginia sentenced Golson as a career offender to a term of 263 months' imprisonment.[1] Doc. 18-1.

Golson filed notice of appeal on November 6, 2001. On June 25, 2002, the Fourth Circuit Court of Appeals denied Golson's appeal on motion of the government. Golson then filed a motion

---

[1] Golson's presentence investigation report ("PSR") recommended he be sentenced as a career offender based on his drug offense and his prior felony convictions. The United States District Court for the Eastern District of Virginia adopted the findings in Golson's PSR which reflect, in part, that on February 21, 1985, at the age of 18, Golson was sentenced to a 5-year suspended sentence based upon a statutory burglary conviction (after violating the terms of his probation, Golson was confined to the Virginia State Penitentiary for 5 years), and, at the age of 20, Golson was convicted of malicious wounding and use of a firearm in the commission of a felony for which he was sentenced to 15 and 2 years, respectively. Respondent notes that these offenses qualify as crimes of violence under U.S.S.G. §4B1.2. Docs. 18 at 8–10, 18-2, 18-3, 19-1. A defendant is eligible for the career offender enhancement if: (1) he is at least 18 years old at the time of the commission of the offense of conviction; (2) the offense of conviction is a felony crime of violence or controlled substance offense; and (3) he has at least two prior felony convictions for a crime of violence or controlled substance offense. U.S.S.G. § 4B1.1(a).

to vacate under 28 U.S.C. § 2255 on September 30, 2002, in the United States District Court for the Eastern District of Virginia. The trial court denied the motion on June 18, 2003, and Golson filed a request for reconsideration. The trial court granted this motion and afforded Golson an opportunity to file an appeal in his criminal case. On March 26, 2004, the Fourth Circuit Court of Appeals affirmed Golson's conviction and sentence.[2] Doc. 18-5.

Golson filed motions to vacate under 28 U.S.C. § 2255 on August 4, 2004, and again on March 25, 2005, both of which were denied by the trial court without prejudice to Golson's right to present his claims after obtaining permission from the Fourth Circuit Court of Appeals to file a successive motion. The Fourth Circuit affirmed the trial court's decisions on Golson's successive § 2255 motions. Golson filed another motion to vacate on August 6, 2007, which the trial court denied without prejudice to his right to present his claims after obtaining permission from the Fourth Circuit to file a successive motion. On April 18, 2008, Golson filed a motion to reduce sentence under 18 U.S.C. § 3582. The trial court denied the motion and the Fourth Circuit Court of Appeals affirmed the decision on November 21, 2008. Doc. 18-5.

---

[2] The Fourth Circuit Court of Appeals wrote:

> Golson's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there were no meritorious grounds for appeal but raising one issue: whether Golson received ineffective assistance of counsel. Golson was advised of his right to file a pro se supplemental brief but has declined to do so.
>
> Golson's claim of ineffective assistance of counsel should be brought, if at all, in a proceeding under 28 U.S.C. § 2255 (2000), because the record in this appeal does not conclusively establish ineffective assistance of counsel. *United States v. King*, 119 F.3d 290, 295 (4th Cir. l997).
>
> In accordance with the requirements of *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Golson's conviction and sentence.

*United States v. Golson,* 91 Fed. App'x. 869, 2004 WL 692984 (4th Cir. 2004) (unpubl.).

In this petition, Golson challenges application of the career offender enhancement based on consideration of an improper predicate offense. Specifically, Golson maintains that the sentencing court enhanced his sentence by relying on a prior juvenile conviction improperly classified as an adult conviction. This same argument is relied on by Golson to support his claim he is "actually innocent" of being classified as a career offender. Doc. 1.

Respondent filed a response in opposition to Golson's habeas petition in which he argues that Golson has not met his burden of showing the remedy available to him under § 2255 is "inadequate or ineffective" as required by § 2255(e), nor has he presented evidence sufficient to trigger application of § 2255's saving clause and, therefore, this court lacks jurisdiction to entertain the instant 28 U.S.C. § 2241 petition. Docs. 18, 19. Upon review of the petition, the response and supporting evidentiary material filed by Respondent, Golson's response, and relevant federal law, the court finds that no evidentiary hearing is required, *see* Rule 8(a), Rules Governing Section 2254 Cases in United States District Courts, and concludes that the instant § 2241 habeas petition is due to be dismissed because the "petition does not fall within the text of the saving clause" of § 2255(e). *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017), *petition for cert. filed,* (U.S. July 12, 2017) (No. 17-85).

## I. DISCUSSION

"Typically, collateral attacks on the validity of a federal sentence must be brought [in a motion to vacate] under § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005); *McCarthan*, 851 F.3d at 1081 (noting that for decades "Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of petition for writ of habeas corpus, *id.*, § 2241, to collaterally attack the legality of his sentence.").

> A motion to vacate allows a prisoner to contest his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

> States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the "saving clause" at the end of that subsection:
>
>> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.
>
> *Id*. § 2255(e) (emphasis added). "[*S]aving*[, not savings,] is the precise word" for "a statutory provision exempting from coverage something that would otherwise be included," Bryan A. Garner, *Garner's Dictionary of Legal Usage* 797 (3d ed. 2011); it has nothing to do with saving a statute from unconstitutionality, *see, e.g.*, 28 U.S.C. § 1333(1) ("saving to suitors in all cases all other remedies to which they are otherwise entitled").

*McCarthan*, 851 F.3d at 1081–82 (emphasis in original).

The saving clause of 28 U.S.C. § 2255(e) permits a federal prisoner to file a habeas petition pursuant to § 2241 if he establishes that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." *Taylor v. Warden FCI Marianna*, 557 Fed. App'x. 911, 913 (11th Cir. 2014). When a petitioner seeks to proceed on a § 2241 petition for writ of habeas corpus under the saving clause of § 2255(e) he "bears the burden of establishing that the remedy by [§ 2255] motion was 'inadequate or ineffective to test the legation of his detention.'" *McCarthan*, 851 F.3d at 1081 (internal quotations and citation omitted). "[W]hether a federal prisoner pursuing a § 2241 petition meets the § 2255(e) saving[] clause, and thereby opens a portal to review of the merits of the § 2241 petition, is a threshold consideration that must be resolved [by the court] before reaching the merits of the § 2241 petition." *Simmons v. Warden*, 661 Fed. App'x. 957, 959 (11th Cir. 2016); *Jeffers v. Chandler*, 253 F.3d 827, 830–31 (5th Cir. 2000), *cert. denied*, 534 U.S. 1001 (2001) (same).

4

> The saving clause provides a federal prisoner relief only when his 'remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). When we read this text, several terms offer important clues about its meaning: "remedy," "to test," "inadequate or ineffective," and "detention." Careful review of these terms and the whole text makes clear that a change in case law does not trigger relief under the saving clause. Whether circuit precedent "was once adverse to a prisoner has nothing to do with whether [a] motion to vacate his sentence is 'inadequate or ineffective to test the legality of his detention.'"
>
> *[Petitioner's] claim that his sentence exceeds the statutory maximum is exactly the kind of claim that a motion to vacate is designed to "remedy," notwithstanding adverse precedent.*

*McCarthan*, 851 F.3d at 1085–86 (internal citation omitted) (emphasis added). Thus, "[w]hen a prisoner's argument about the legality of his sentence conflicts with circuit precedent, a motion to vacate is neither inadequate nor ineffective to test his argument." *Id*. at 1088. Moreover, a petitioner's failure to bring his sentencing claim "earlier nor his odds of success on the merits are relevant to the saving clause inquiry. Because [Petitioner] filed a traditional claim attacking his sentence that he could have brought in a motion to vacate, the remedy by motion is adequate and effective to test the legality of his detention." *Id*. at 1090.

The Court in *McCarthan* further observed:

> The motion to vacate was intended to be a *substitute* remedy for the writ of habeas corpus, *see Hill v. United States*, 368 U.S. 424, 427, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Hayman*, 342 U.S. at 219, 72 S.Ct. 263, but permitting federal prisoners to file habeas petitions based on an intervening change in statutory interpretation [rather than newly recognized right or new rule of constitutional law established by the Supreme Court and made retroactive on collateral review] provides those prisoners with a *superior* remedy. Allowing a prisoner to use the saving clause to bring a statutory claim in a habeas petition circumvents the bar on successive petitions. 28 U.S.C. § 2255(h). It does away with the one-year statute of limitations. *Id*. § 2255(f). It renders the process for obtaining permission to file a second or successive motion, *id*. § 2253(b), and that for obtaining a certificate of appealability, *id*. § 2253(c)(1), a nullity. A prisoner who brings a constitutional claim under section 2255(h) [and section 2255(f)(2-4)], in contrast, must overcome these procedural hurdles. The [prior] test [established by circuit precedent] unravels this carefully tailored scheme. It makes no sense to allow a federal prisoner to evade the statutory framework by filing a petition for a writ of habeas corpus.

> . . .
>
> Allowing a federal prisoner to bring a [procedurally barred] claim in a petition for a writ of habeas corpus also defies the logic of the venue provisions. A federal prisoner must file a motion to vacate in the court that tried and sentenced him, where he can challenge issues about his trial and sentencing. *See id*. § 2255(a). In contrast, he must bring a petition for a writ of habeas corpus in the district in which he is imprisoned, where he can challenge his detention. *See id*. § 2241(d). The United States Attorney who participated in sentencing defends challenges to the prisoner's trial and sentencing. *Id*. § 2255(a). But the warden of the prison defends challenges to the prisoner's detention. *Id*. § 2241(d).
>
> Allowing a prisoner to bring an ordinary attack on his sentence in the district where he is detained eviscerates this structure. It resurrects the problems that section 2255 was enacted to solve, such as heavy burdens on courts located in districts with federal prisons, inconvenience for witnesses who must travel far from where the prisoner was tried to the place where he is detained, the requirement that wardens defend resentencing. *See* [*United States v. Hayman*, 342 U.S. 205, 219 (1952)]. It also creates new procedural and jurisdictional wrinkles for district courts tasked with implementing relief that the statute does not contemplate. *See Hill v. Sepanek*, Civil No. 14-85-ART, 2017 WL 73338, at *5–9 (E.D. Ky. Jan. 6, 2017) (Thapar, J.) ("[P]ractical problems ... arise under any construction of the saving[] clause that does not comport with its plain meaning."); *Love v. Hogsten*, Civil Action No. 1:09-cv-2134-JEC, 2012 WL 3822194, at *4 (N.D. Ga. Sept. 4, 2012) (J. Carnes, J.) ("Insisting that what is essentially a § 2255 claim . . . be instead deemed a § 2241 claim [shifts] the venue . . . from the district of sentencing to the district in which the petitioner is confined[,] . . . meaning that there is the potential for multiple § 2241 saving[ ] clause claims in multiple districts, creating confusion, duplicative effort, and potentially inconsistent results."). Allowing access to the saving clause to bring ordinary sentencing challenges disregards Congress's decision to bifurcate the system of collateral review between challenges to a prisoner's sentence and challenges to the execution of a prisoner's sentence. Limiting the saving clause to claims that are not cognizable or that cannot be remedied under section 2255 respects the entire system of federal collateral review.

*McCarthan*, 851 F.3d at 1091–92 (emphasis in original). As the court noted, permitting procedural bars to "to trigger the saving clause makes the statute self-defeating." *Id*. at 1091. It is therefore clear that the mere fact a petitioner faces procedural bars—*i.e.*, successive petition, expiration of the one-year limitation period or procedural default—to obtaining relief in a § 2255, does not render § 2255 inadequate or ineffective. *Bernard v. FCC Coleman Warden*, 686 Fed. App'x 730 (11th Cir. 2017) (*citing McCarthan,* 851 F.3d at 1085–92, 1086–87) ("Looking to the text of the

saving clause, we determined that the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. . . If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or otherwise subject to some procedural bar or time limitation.").

"A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court." *McCarthan*, 851 F.3d at 1099. Here, Golson challenges the sentencing court's alleged consideration of a juvenile offense to enhance his current sentence. Doc. 1 at 1–4. This constitutional claim represents a challenge to the validity of Golson's sentence and, thus, it falls squarely within the scope of the sentencing court's jurisdiction under § 2255.[3] *See* 28 U.S.C. § 2255(a) (allowing a federal prisoner to challenge a sentence "imposed in violation of the Constitution").

Golson could have brought his claim challenging the career offender enhancement to his sentence in a timely motion to vacate, and § 2255 afforded him an adequate and effective means

---

[3] The court notes that Golson attempts to re-characterize his claim of improper sentence enhancement based on the trial court's reliance on an allegedly improper predicate offense to a claim which seeks to challenge the underlying predicate offense on the ground that he is actually innocent of said offense. Doc. 25 at 7. Even if the latter challenge were properly before the court, it would entitle Golson to no relief.

> If ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

*Daniels v. United States*, 532 U.S. 374, 382 (2001).

to present the claim to the sentencing court. *McCarthan*, 851 F.3d at 1099-1100. The "saving clause" is not triggered by assertions that new case law exists, new facts have come to light, or the Section 2255 court got it wrong. *Id.* at 1086, 1090. "If the saving clause guaranteed multiple opportunities to test a conviction or sentence, then the bar against second and successive motions under section 2255(h) would become a nullity.'" *Id*. at 1090. The fact that Golson faces procedural bars to filing a § 2255 motion does not render that section inadequate or ineffective. Golson, therefore, does not qualify for the saving clause because his claims challenging application of a prior offense used to enhance his sentence as a career offender are claims cognizable under § 2255 and could have been raised in a motion to vacate. Consequently, "the remedy by [§ 2255] motion was an adequate and effective means for testing such [] argument[s]. [Golson] cannot now use the saving clause to make th[ose] claim[s] in a petition for a writ of habeas corpus." *McCarthan*, 851 F.3d at 1099–1100 (internal quotation marks and citation omitted).

For the foregoing reasons, Golson is entitled to no relief on the claims raised in his 28 U.S.C. § 2241 petition and this case is subject to dismissal for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir.), *cert. denied*, 540 U.S. 1085 (2003) (noting that since the petitioner could not satisfy the saving clause of § 2255(e) the district court should have dismissed the petition for lack of jurisdiction rather than denying the petition).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Malcolm Golson be DISMISSED for lack of jurisdiction and this case be DISMISSED with prejudice.

It is further ORDERED that on or before **December 5, 2017**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 21st day of November, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge